UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. JUST, | No.  2:18-cv-03169 TLN AC (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the magistrate judge pursuant to Local Rule 302(c)(21).  Before the court is defendants' motion to dismiss.  ECF No. 11.  The matter came before the court on May 8, 2019, for hearing.  ECF No. 18.  Plaintiff appeared pro se; counsel for defendants did not appear, and the motion was taken under submission.

Plaintiff instituted this action on December 10, 2018 by filing a Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief ("complaint").  ECF No. 1.  The complaint was brought against the State of California, the California Department of Correction & Rehabilitation ("CDCR"), and CDCR Secretary Ralph Diaz in his official capacity.  The complaint seeks to invalidate CDCR Department Operations Manual ("DOM"), Section 3,

////

////

Article 22 as an "underground regulation"[1] adopted in contravention of the state Administrative Procedures Act ("APA"), Cal. Gov. Code §§ 11340.1 *et seq*. Defendants move to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim; in the alternative, defendants move under Federal Rule of Civil Procedure 12(e) for a more definite statement. ECF No. 11 at 6-7.

## I. BACKGROUND

### A. The Complaint's Allegations

On December 10, 2018, plaintiff brought this action asserting federal question jurisdiction arising under the Supremacy Clause, Article VI of the U.S. Constitution, and the Fifth and Fourteenth Amendments. ECF No. 1 ¶ 1.

Plaintiff alleges that he is a Correctional Lieutenant employed by the CDCR. ECF No. 1 ¶ 4. Plaintiff has received several disciplinary actions, pursuant to CDCR Department Operations Manual, Section 3, Article 22, which governs employee discipline: first, an August 1, 2009 Adverse Action penalized him with a 10% reduction in pay for a period of 24 months; second, an September 1, 2009 Adverse Action penalized him with demotion from a Correctional Lieutenant to a Correctional Sergeant; and third, an October 1, 2018 Adverse Action resulted in a Letter of Reprimand. Id. ¶¶ 5, 16, 17, 20.

Article 22 was implemented by the CDCR in response to legislation and a December 22, 2005 federal court remedial order in Madrid, et al. v. Hickman, et al., No. CV-90-3094 TEH (N.D. Cal.).[2] Id. ¶ 14. Plaintiff alleges that the revisions incorporated in Article 22 "made significant changes and impacts to the Due Process rights of all CDCR employees as established

---

[1] See Cal. Code Regs. tit. 1 § 250(a) (defining an "[u]nderground regulation" as "any guideline, criterion, bulletin, manual, instruction, order, standard of general application, or other rule . . . that is a regulation as defined in Section 11342.600 of the Government Code, but has not been adopted as a regulation and filed with the Secretary of State pursuant to the APA and is not subject to an express statutory exemption from adoption pursuant to the APA").

[2] The court grants defendants' request to take judicial notice of a January 5, 2006 Notice of Court Order filed in that case, along with the Special Master's report and recommendations. ECF No. 12 at 4-12. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986) (on motion to dismiss, court may judicially notice matters of public record, including pleadings, orders, and other papers filed with the court).

by the Federal Constitution, the California State Constitution and [Skelly v. State Pers. Bd., 15 Cal. 3d 194, 539 P.2d 774 (1975) (establishing that state employee's due process rights in disciplinary proceedings include notice, reasons for the action, a copy of the charges, and the right to respond to the decision authority)]." Id. ¶ 15.

The complaint systematically lays out plaintiff's theories as to how the adoption of Article 22 violates the APA. Id. at 4-7. The complaint does not set forth clearly identifiable causes of action. However, it does include an organized list of the following "Items." "Due Process – Item 1" asserts that Article 22 impermissibly regulates the previously flexible Skelly standard. Id. at 8. "Due Process – Item 2" asserts that Article 22 impermissibly established new mandatory time constraints in the disciplinary process. Id. at 9-10. "Due Process – Item 3" asserts a violation of the Equal Protection Clause of the Fourteenth Amendment, in that Article 22 is overly vague, permitting the CDCR to impose penalties exceeding the mandatory range in an arbitrary and capricious manner. Id. at 12-14. "This violates one of the fundamental tenets of Due Process, in that penalties can and have been assessed essentially at the whim of the hiring authority: a violation of the Equal Protection Clause . . . ." Id. ¶ 67. Finally, "Due Process – Item 4" asserts that Article 22 injects partiality into the Skelly review process, in violation of the Due Process Clause. Id. at 15-18. Plaintiff contends that "[t]he totality of the Due Process issues contained within the revised [Article 22] render the entire Article invalid as underground regulation as defined by the APA . . . ." Id. ¶ 82.

The complaint also sets forth the following "Claim[s]." Claim I bears the heading of "Violation of Civil Rights" under the Fourteenth Amendment and asserts that Article 22 is an underground violation which has caused plaintiff loss of rank and wages. Id. at 18-19. Claim II is untitled and asserts that the Madrid court orders were outside the court's jurisdiction and therefore constitute legal nullities. Id. at 19. And Claim III (also untitled) asserts that defendants were negligent in adopting Article 22 in violation of existing state law. Id. at 20-21.

For relief, plaintiff requests (1) declaratory judgment that the Madrid orders are null, and that Article 22 violates due process and is an illegal underground regulation; (2) an injunction striking all of plaintiff's adverse actions since March 8, 2005, returning his rank and seniority,

3

1   and prohibiting CDCR's further use of Article 22, and requiring compliance with the APA in any

2   future adoption of Article 22; and (3) repayment of lost wages. Id. at 21-22.

3          Defendants seek to dismiss the action pursuant to Federal Rules of Civil Procedure

4   12(b)(1) and 12(b)(6). Defendants argue that (1) this court lacks subject matter jurisdiction;

5   (2) the complaint fails to state a claim to any relief; (3) the action is barred by the statute of

6   limitations and/or laches; (4) plaintiff has no standing to maintain the action because he is not

7   beneficially interested in the action and has not asserted a ministerial duty, and (5) defendants

8   have sovereign immunity against the claims alleged. ECF No. 11 at 9. Plaintiff opposes the

9   motion. ECF No. 17.

                                    II.     DISCUSSION

10

11          A.     Legal Standards for Rule 12(b)(1) Motion to Dismiss

12          Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

13   motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

14   claims alleged in the action. When a party brings a facial attack to subject matter jurisdiction,

15   that party contends that the allegations of jurisdiction contained in the complaint are insufficient

16   on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373

17   F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the factual allegations of

18   the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege

19   an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist.

20   No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th

21   Cir. 2001). In this case, defendants present a "facial" attack, arguing that because the complaint

22   does not assert any federal statutory violations, the court lacks jurisdiction. ECF No. 11 at 9.

23          B.     Legal Standards for Rule 12(b)(6) Motion to Dismiss

24          "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

25   sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

26   1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

27   sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901

28   F.2d 696, 699 (9th Cir. 1990).

                                            4

1    In order to survive dismissal for failure to state a claim, a complaint must contain more

2    than a "formulaic recitation of the elements of a cause of action;" it must contain factual

3    allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v.

4    Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of

5    facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of

6    action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35

7    (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to

8    'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

9    (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

10   factual content that allows the court to draw the reasonable inference that the defendant is liable

11   for the misconduct alleged." Id.

12       In reviewing a complaint under this standard, the court "must accept as true all of the

13   factual allegations contained in the complaint," construe those allegations in the light most

14   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus,

15   551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,

16   960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th

17   Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of

18   factual allegations, or allegations that contradict matters properly subject to judicial notice. See

19   Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State

20   Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

21       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

22   Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may

23   only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

24   of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.

25   2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential

26   elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

27   266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se

28   litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,

5

1  unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809

2  F.2d 1446, 1448 (9th Cir. 1987).

3         C.     The Court Has Subject Matter Jurisdiction

4         The court possesses subject matter jurisdiction over this action because the complaint

5  asserts violations of plaintiff's federally-protected rights by state actors.  Although defendants are

6  correct that the complaint does not formally recite the elements of any particular cause of action,

7  the court understands plaintiff to be asserting due process and equal protection violations arising

8  from the CDCR's adoption of Article 22 without notice and comment.  At the hearing, and in his

9  opposition papers, plaintiff confirmed that this understanding is accurate.  ECF No. 17 at 1-2.

10  Accordingly, the court construes the complaint as bringing civil rights claims under 42 U.S.C.

11  § 1983.  Jurisdiction therefore lies pursuant to 28 U.S.C. § 1331 (giving district courts original

12  jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United

13  States").

14         D.     Sovereign Immunity

15         Defendants argue that they are entitled to sovereign immunity as to all claims.  ECF

16  No. 11 at 21-22.  "It is not clear in the Ninth Circuit whether motions to dismiss on Eleventh

17  Amendment grounds should be treated as Rule 12(b)(1) motions or Rule 12(b)(6) motions."

18  Horton v. Alaska Wildwood Corr. Ctr., No. 3:10-CV-0264-HRH, 2011 WL 13196076, at *1 (D.

19  Alaska July 13, 2011), aff'd, 477 F. App'x 472 (9th Cir. 2012).  Regardless, the undersigned

20  agrees that the Eleventh Amendment bars most, but not all, of plaintiff's claims.

21         Absent consent or waiver, the Eleventh Amendment bars private suits against a state or a

22  state agency in federal court, regardless of the type of relief sought.  Papasan v. Allain, 478 U.S.

23  265, 276 (1986); Sato v. Orange Cty. Dep't of Educ., 861 F.3d 923, 928 (9th Cir. 2017)

24  ("[A]gencies of the state are immune under the Eleventh Amendment from private damages or

25  suits for injunctive relief brought in federal court.") (citation omitted).  Thus, all claims against

26  the State of California and the CDCR should be dismissed, as there is no indication that the State

27  has consented to suit, or waived its sovereign immunity.

28  ////

1    However, state officials sued in their official capacity—while similarly immune from

2    claims for monetary damages—are not immune from claims for prospective injunctive relief. See

3    Edelman v. Jordan, 415 U.S. 651, 677 (1974) (citing Ex parte Young, 209 U.S. 128 (1908)).

4    Secretary Diaz is therefore immune from plaintiff's claim for recovery of lost wages, but this

5    immunity does not extend to the claims seeking prospective declaratory and injunctive relief.

6         E.   The Complaint Fails to State a Claim for Relief

7    Plaintiff's remaining claims against Secretary Diaz must be dismissed pursuant to Rule

8    12(b)(6) for failure to state a claim upon which relief may be granted.

9         i. Due Process Claims

10   Each of plaintiff's due process claims rest upon the premise that Article 22 is an

11   underground regulation adopted in contravention of state law (the California APA). However, the

12   Ninth Circuit has squarely held that a plaintiff cannot, as a matter of law, state a due process

13   claim under section 1983 based solely on the fact that the plaintiff was subjected to a rule that is

14   invalid under state law. Lone Star Security & Video, Inc. v. City of Los Angeles, 584 F.3d 1232,

15   1236 (9th Cir. 2009). As the undersigned and other courts have observed, "even if plaintiff is

16   being subjected to an underground regulation, that is not sufficient to state a claim under 42

17   U.S.C. § 1983." Gray v. Hill, No. 2:13-cv-02456-MCE AC at ECF No. 8, 2014 WL 1839073, at

18   *2 (E.D. Cal. May 8, 2014) (Findings and Recommendations), adopted by ECF No. 12 (June 25,

19   2014); see Cole v. Sisto, No. 1:08-cv-2318 JCW, 2010 WL 2303257, at *3 (E.D. Cal. June 7,

20   2010) (stating that even if plaintiff "is correct that he was disciplined pursuant to an underground

21   regulation, he does not state a [due process] claim under 42 U.S.C. § 1983"). Because each of

22   plaintiff's many asserted due process violations relies exclusively on Article 22's invalidity under

23   the APA, plaintiff's due process claims fail as a matter of law. See Cole, 2010 WL 2303257, at

24   *4 (where only defect of alleged regulation was that it did not comply with the APA, "that alone

25   is insufficient to state a due process claim"); see also Lone Star, 584 F.3d at 1237 ("It is a tenet of

26   our federal system that state constitutions are not taken up into the 14th Amendment such that

27   federal courts may strike down a statute as invalid under state law.") (internal quotation marks

28   omitted).

7

1    Of course, public employees may bring federal due process claims based on state

2    deprivations of liberty or property interests.  However, the minimum process due under the

3    Constitution is notice and an opportunity to be heard.  See United States v. James Daniel Good

4    Real Prop., 510 U.S. 43, 48 (1993) (describing general rule under Due Process Clause that

5    individuals must receive notice and an opportunity to be heard before governmental deprivation

6    of property); Gilbert v. Homar, 520 U.S. 924 (1997) (recognizing limited procedural due process

7    rights of public employees).  Based on the complaint's allegations and attached doucments, the

8    State (via Secretary Diaz) satisfied this constitutional minimum by holding disciplinary hearings

9    before each alleged adverse action.

10                    *ii. Equal Protection Claim*

11    The complaint also fails to adequately allege a violation of the Equal Protection Clause.

12    "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the

13    defendant acted with an intent or purpose to discriminate against him based upon his membership

14    in a protected class."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v.

15    Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Here, plaintiff asserts only that disciplinary

16    penalties have been assessed unequally since the adoption of Article 22.  He does not identify

17    himself as a member of any protected class, or allege that defendants acted with discriminatory

18    intent.  Thus, the complaint fails to state an equal protection claim under section 1983.  At

19    hearing, plaintiff confirmed that he does not intend to assert membership in a protected class.

20                    *iii. Leave to Amend*

21    District courts are "only required to grant leave to amend if a complaint can possibly be

22    saved."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.2000).  Here, the sole allegation in the

23    complaint—although asserted in several different ways—is plaintiff's argument that defendants

24    created an underground regulation contrary to the APA.  Even if that position is correct as a

25    matter of state law, plaintiff is entitled to no relief under section 1983, and no set of facts could be

26    pleaded that would correct that deficiency.  For this reason, the undersigned recommends

27    dismissing the complaint without leave to amend.

28    ////

III.    CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS THAT:

1.  Defendants' motion to dismiss (ECF No. 11) be GRANTED; and

2.  Plaintiff's complaint be dismissed with prejudice for failure to state a claim for relief, without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 9, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE